STATE of Iowa, Appellee,

v.

Donald Larry JONES, Appellant.

No. 54365.

Supreme Court of Iowa.

Jan. 14, 1972.

Carl V. Nielsen, Altoona, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Ray Fenton, Polk County Atty., for appellee.

UHLENHOPP, Justice.

This appeal involves several problems which arose during the trial on an indictment charging defendant with robbery with aggravation.

French D. Payton, a newspaper employee and part-time bartender, was tending bar at Jackie's Tap in Des Moines, Iowa, on the evening of March 17, 1970. Two men entered the tavern. One of them turned to the wall and pulled a ski mask over his head. Neither Payton nor anyone else in the tavern was able to identify that man then or later. The other man, however, walked 10 or 12 feet from the door toward the bar before he started to put on his mask and was in Payton's sight during that time. This second man then started to pull part of a silk stocking over his head as he walked along the bar. He pulled the stocking down so that his head was uncovered from the middle of his nose upward.

The second man then pointed a gun at Payton, had him lie on the floor, kicked him, threatened to kill him, and robbed him of the contents of his pockets. This second man then had Payton get up and open the cash register; at that time those two individuals stood side by side. After taking the contents of the cash register and some jukebox money, the robbers knocked Payton and the customers to the floor and either kicked or stomped on them and robbed them. The robbers then fired a few shots into the ceiling and fled. Three individuals in the tavern were hospitalized with injuries.

A few days later at a lineup conducted by the police, Payton identified defendant as the robber who wore the silk stocking mask. At a hearing to suppress evidence of that lineup, Payton identified defendant in court. Payton testified at that time he based his in-court identification "on the fact that he was standing right next to me out to the tap." Also, "Well, I base my identification on the fact that this individual was close to me as you would be standing to somebody, and my recollection of it at that time. That's the only one. I didn't see enough of the other individual to make a positive [identification], so I didn't." The State claimed at such hearing that defendant was advised of his right to counsel before the lineup occurred and waived counsel, and that the lineup was fairly conducted. Defendant made several objections to the lineup procedure, one of which was that when he participated in the lineup he thought it was for a robbery at Smitty's Donut Shop rather than at Jackie's Tap. The court found that the State's claims were true and overruled the motion to suppress.

Prior to trial, defendant also made a motion for a lie detector test, which the State resisted. That motion was likewise overruled.

Defendant was indicted for aggravated robbery at Jackie's Tap. On the morning the trial began, juries were being selected in three other cases. The panel consisted of 86 jurors. Through inadvertence, the names of 15 jurors originally were not in the drum, the slips containing those names having been left in one of the other courtrooms the previous week. When the first several prospective jurors were drawn for the present case, those 15 names were not in the drum. The oversight was then discovered, and when the remaining names for the present case were drawn, those 15 names were in the drum.

At the trial itself, Payton described in detail the robber who wore the silk stocking mask. He again positively identified defendant in the courtroom as the robber he saw in Jackie's Tap on the evening in question. When Payton was asked on direct examination,

If you see that person in court that pointed that gun at you and came behind there, please point him out,

he answered,

Yes. It's that gentleman right there [indicating defendant].

When asked on redirect examination,

Mr. Payton, regarding the identification of the defendant in this case, is there any doubt in your mind as to the fact that this is the man who robbed you on the 17th of March, 1970?

Payton answered,

There is no doubt in my mind or my heart.

And when asked,

Why are you so sure in this particular case that this is the man who robbed you?

he responded,

I am sure in my own mind because I was right next to the gentleman. He was threatening me, my life, with a gun. This makes an impression on you. I was just scared.

At the conclusion of the evidence and arguments, the trial court gave the jury an instruction on alibi, among others. The jury found defendant guilty of aggravated robbery.

When defendant came before the court for sentence, the trial court had before it the circumstances of this crime and also defendant's record of two previous felony convictions. Defendant was sentenced to not exceeding 25 years, as the statute provides, and a bench parole was not granted. Defendant appealed.

The appeal presents four principal issues. Should the judgment of conviction be reversed because of (1) erroneous lineup identification procedure, (2) refusal to

grant a lie detector test, (3) absence of 15 panel members' names when the first pro-spective jurors' names were drawn, or (4) erroneous alibi instruction?

■ I. *Lineup.* Regarding lineup, the controlling decisions are United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

We have examined the testimony regarding the lineup and, like the district court, find nothing unfair or suggestive about it. We prefer to rest our decision in this phase of the case, however, on another ground.

This court stated in State v. Wisniewski, 171 N.W.2d 882, 884 (Iowa):

It should be noted that an illegal out-of-court identification procedure does not necessarily bar identification testimony by that witness at trial. It merely precludes the use of the "tainted" identification and requires clear and convincing proof that any identification made at trial had an independent origin and does not depend for its validity upon the illegal lineup procedure.

We followed that principle in State v. Essary, 176 N.W.2d 854, 858 (Iowa). We there said:

The in-court identification of defendant by Stiff has an independent origin and does not depend for its validity upon the alleged illegal viewing of defendant in the municipal courtroom. Under the record we do not reach the question of whether that viewing was a "tainted" identification.

See also Evans v. Rosenberger, 181 N.W. 2d 152, 157 (Iowa) ("His testimony plainly shows his identification was based on his observation of plaintiff at the scene of the crime."); State v. Smith, 182 N.W.2d 409 (Iowa).

The witness, Payton, saw the second robber approaching the bar for several feet with no mask. He saw that robber putting on the mask, and he stood beside him at the cash register. The robber's face and head were uncovered from the middle of the nose upward. Payton was able to give a detailed description of the robber's physical characteristics. At both the hearing on the motion to suppress and at the trial, Payton positively identified defendant in court on the basis of his observations on the night of the crime. We hold the basis of Payton's identification of defendant at trial had an origin independent of the lineup, and that defendant's first contention is without merit.

■ II. *Lie Detector Test.* Since the State did not stipulate for a test of defendant by polygraph or sodium pentothal, but on the contrary resisted, the district court refused to order such a test. No evidentiary or other showing was made which would cause us to depart from the previous holding of this court that lie detector tests have not yet attained such scientific acceptance as to be admissible in evidence over the objection of a party. Hence, such tests are not to be ordered over the State's objection. State v. Freeland, 255 Iowa 1334, 125 N.W.2d 825. See also State v. McNamara, 252 Iowa 19, 104 N.W.2d 568 (admissible by agreement).

■ III. *Jury Selection.* Rule 187 of the Rules of Civil Procedure is applicable to criminal cases, insofar as the jury panel is concerned, by virtue of § 779.3, Code, 1971. That rule provides in part, "Before drawing [of the trial jury] begins, either party may require that the names of all jurors be called, and have an attachment for those absent who are not engaged in other trials; but the court may wait for its return or not, in its discretion." This court has held that a party who fails to make such demand for call of the panel waives his objection. State v. McClain, 191 Iowa 750, 183 N.W. 305. Had defendant in this case demanded a call before the jury selection commenced, the problem he now raises might well have been obviated.

Since he failed to do so, we doubt that he can now complain.·

But we believe the assignment of error cannot be sustained for another reason. A litigant is not entitled to any particular jurors; he is only entitled to a fair and impartial jury, and no showing is made that the 26 jurors who were called and examined were not proper jurors. Part of them were called before the mistake was discovered that 15 names had been left in another courtroom, and part were called after those 15 names were placed in the drum. None of the jurors called were challenged for cause by defendant, and indeed defendant waived one of his peremptory challenges. See State v. McHenry, 207 Iowa 760, 765, 223 N.W. 535, 538 ("As suggested in one of the above cases, all that the defendant is entitled to is a fair and impartial jury of 12 men.") ; State v. Sweetman, 220 Iowa 847, 849, 263 N.W. 518, 519 ("All the defendant is entitled to is a fair and impartial trial by a jury of twelve."). We think that litigants ordinarily are entitled to have the names in the drum of all the then-serving and available jurors, but that if a name or names inadvertently do not get in, and no harm is shown to have occurred, the verdict should stand. The statutory predecessor to Rule 187 has been called directory. State v. McClain, supra. We cannot uphold this assigned error.

**IV.** *Alibi Instruction.* Defendant gave notice of the defense of alibi and on trial introduced evidence by the testimony of a relative of defendant that defendant was at the relative's house at the time the robbery was committed. The law now is, of course, that defendant does not have the burden of proving alibi. Johnson v. Bennett, 393 U.S. 253, 89 S.Ct. 436, 21 L. Ed.2d 415; Stump v. Bennett, 398 F.2d 111 (8th Cir.) ; State v. Evans, 169 N.W.2d 200, 203 (Iowa). At trial, defendant requested an instruction on alibi. The trial court gave its own instruction on that subject, as well as instructions·relating to the burden of proof in the case. In this con-

nection, we call attention to the concise and accurate instruction on alibi prepared by the Iowa State Bar Association and published in II Iowa Uniform Jury Instructions, No. 501.19 (1970) :

If after consideration of all the evidence you have a reasonable doubt as to whether the accused was present at the time and place the alleged offense was committed, you should acquit the defendant.

Defendant's requested instruction contained these paragraphs:

As to this defense, you are instructed that it is not necessary for the defendant to prove an alibi to your satisfaction beyond a reasonable doubt, nor by a preponderance of the testimony; but if, after full and fair consideration of the facts and circumstances in evidence, you entertain a reasonable doubt as to whether or not the defendant was present at the time and place of the robbery it will be your duty to give the defendant the benefit of such doubt.

The burden is on the State throughout this trial to establish beyond a reasonable doubt that the defendant was present at the time and place the crime was committed and that the defendant committed the crime charged in the indictment.

The trial court's instructions must be read as a whole and not as isolated parts. State v. Morelock, 164 N.W.2d 819 (Iowa). In its statement of the case, the trial court told the jury that the State charged defendant, Donald Larry Jones, with robbing French Payton at Jackie's Tap at 1601 Sixth Avenue, Des Moines, Iowa, and with being armed with a dangerous weapon with intent, if resisted, to kill or maim Payton; and that defendant pleaded not guilty. In Instruction 2 the trial court stated that defendant's plea of not guilty constituted a denial of each and every material allegation of the indictment and placed on the State the burden of proving defendant's

guilt. In Instruction 3 the jury was told that defendant was presumed innocent and that the burden was on the State to overcome the presumption and to establish defendant's guilt beyond a reasonable doubt; and that a reasonable doubt may "arise out of the evidence offered and received upon a trial, or it may arise from the lack or want of evidence in the case on the part of the State." In Instruction 5 the trial court defined the terms in the indictment and in the underlying statute. In concluding that instruction and explaining "putting in fear," the trial court added, "provided of course, as you have been heretofore instructed, that the State has proven beyond a reasonable doubt that the defendant Donald Larry Jones himself did take and steal said money from French Payton, an employee at Jackie's Tap, 1601—6th Avenue, Des Moines, Polk County, Iowa."

In Instruction 7 the trial court enumerated the elements which the State had to prove beyond a reasonable doubt "before you can return a verdict of guilty against the defendant Donald Larry Jones". The first element was stated in this language:

1. That the defendant Donald Larry Jones on or about March 17, 1970, in Polk County, Iowa, did himself steal from French Payton, an employee at Jackie's Tap, 1601—6th Avenue, Des Moines, Polk County, Iowa, the sum of $204.00 or some part thereof.

The second enumerated element was that the stealing was accomplished by putting Payton in fear, the third was that the money was in the custody of Payton, and the fourth was that defendant was armed with a gun with intent to kill or maim Payton if resisted.

The instruction continued that if the State failed so to prove any one or more of the four elements, then defendant could not be convicted of aggravated robbery; that if the State so proved the first three elements but not the fourth one, then defendant should be found guilty of robbery; and that if the State failed so to prove any one or more of the first three elements, "then you will find the defendant not guilty".

In Instruction 8 the trial court instructed on alibi thus:

If a person who was not at the place where the crime charged was committed is later accused of having been present and having committed or taken part in committing such crime, his physical absence from the scene of the crime, or his lack of participation therein, is a complete defense.

The defendant in this case has introduced evidence tending to show that he did not participate in and was not present at the time and place of the commission of the alleged offense for which he is here on trial. If, after a consideration of all the evidence in this case, you have a reasonable doubt that the defendant was present at the time of the commission of the alleged crime and that he participated in the alleged crime, he is entitled to an acquittal.

The remaining instructions were of a stock nature dealing with such subjects as credibility of witnesses.

When all of the instructions are considered together, we think the jury would clearly understand that the State had the burden of proving, rather than that defendant had the burden of disproving, defendant was at the scene of the crime and committed it. A trial court is not required to instruct in the language of requested instructions if the subject is covered in the court's own instructions. Trial courts strive to keep sets of instructions reasonably concise so that jurors comprehend the applicable law and do not become lost in a sea of words. Womochil v. Peters, 226 Iowa 924, 285 N.W. 151; Hoffman v. Cedar Rapids & M. C. Ry., 157 Iowa 655, 139 N.W. 165; 53 Am.Jur. Trial § 527 at 424, § 529 at 426; 88 C.J.S. Trial § 399 at 1088, § 400c at 1105, § 411e at 1130. The object of requesting an instruction is to see that

the subject is covered, and here the subject of the State's burden to prove defendant's presence at and participation in the crime was explicitly covered. This assigned error cannot be sustained.

We find no error.

Affirmed.

All Justices concur except RAWLINGS, MASON, and BECKER, JJ., who dissent, and HARRIS, J., who takes no part.

RAWLINGS, Justice (dissenting).

Being unable to agree with Division IV of the majority opinion I respectfully dissent.

There is no need to here repeat the objectionable alibi instruction which was instantly given.

It is to me apparent the first paragraph thereof, referring to alibi as a "complete defense", serves, in effect, to tell the jury that as a defense the burden is on defendant to prove it.

That impression is then emphasized by the second paragraph which alludes to introduction of evidence by defendant tending to prove he was elsewhere when the subject crime was committed.

Furthermore, reference to other instructions regarding burden of proof could not, to a lay jury, serve to remedy the impression conveyed by the defective instruction as given.

I submit we should now adopt this or some other acceptable instruction on alibi:

"Evidence has been introduced tending to establish an alibi; which amounts to a contention that the defendant was not present at the time when, and the place where, he is alleged to have committed the offense charged in the indictment.

"If, after consideration of all the evidence in the case, you have a reasonable doubt as to whether the defendant was present at the time and place the alleged offense was committed, you should acquit him.

"The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence."

See Mathes and Devitt, Federal Jury Practice and Instructions, § 8.27 (1968 Pocket Part), and supportive citations.

I would accordingly reverse and remand for a new trial.

MASON and BECKER, JJ., join in this dissent.