**STATE of Iowa, Appellee,**

v.

**Daniel Allen MAYNARD, Appellant.**

**No. 2-57165.**

Supreme Court of Iowa.

Aug. 29, 1975.

Rehearing Denied Oct. 10, 1975.

Clarence W. Shoemaker, Aledo, Ill., for appellant.

Richard C. Turner, Atty. Gen., Raymond Sullins, Asst. Atty. Gen., and David W. Newell, County Atty., for appellee.

Submitted to MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Appellant, Daniel Allen Maynard, was found guilty of breaking and entering after jury trial on November 25, 1971 and thereafter sentenced to a term not to exceed ten years in the Anamosa Men's Reformatory. Code section 708.8. His appeal therefrom was dismissed by this court on October 22, 1973 as being without merit. Court Rule 16.

On February 1, 1974, Maynard filed a petition and request for a postconviction hearing under the provisions of Code chapter 663A. The main thrust of his petition alleged he had a constitutional right to then be granted a polygraph test even in the absence of stipulation by the county attorney.

Following a full evidentiary hearing at which Maynard did not testify, the trial court filed findings of fact, conclusions of law and a judgment entry denying the requested postconviction relief. Maynard has appealed.

I. Since polygraph tests have not attained such scientific acceptance as to be admissible in evidence over the objection of a party, such tests are not to be ordered over the State's objection. *State v. Jones,* Iowa, 193 N.W.2d 509, 512; *State v. Freeland,* 255 Iowa 1334, 1339, 125 N.W.2d 825, 828, and citations.

II. Although recognizing the above stated legal principles appellant argues that because some prosecutors, such as in *State v. McNamara,* 252 Iowa 19, 104 N.W.2d 568, stipulate to the admissibility of polygraph examination results then all defendants have a constitutional right to a polygraph test. Here, as in the trial court, defendant cites no authority supporting his assignment of error in this regard. None has come to our attention.

We are under no compulsion to review any assignment of error when the complaining party cites no authority in support of his argument. The assignment is deemed waived. *State v. King,* Iowa, 225 N.W.2d 337, 342; *State v. Scovill,* Iowa, 224 N.W.2d 221, 223; *State v. Mattingly,* Iowa, 220 N.W.2d 865, 871, and citations.

The judgment of the trial court is affirmed.

Affirmed.