STATE of Iowa, Appellant,

v.

Greg Allen LINDSEY, Appellee.

No. 64974.

Supreme Court of Iowa.

Feb. 18, 1981.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen. and Peter Berger and James Smith, Asst. Polk County Attys., for appellant.

Linda Del Gallo and Alfredo G. Parrish of Parrish & Del Gallo, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McGIVERIN, LARSON and SCHULTZ, JJ.

SCHULTZ, Justice.

The State appeals from a trial court ruling granting defendant Greg Allen Lindsey a new trial. Whether the trial court properly sustained defendant's motion for a new trial ultimately depends on whether the jury was properly instructed regarding the presumption of innocence and the State's burden of proving defendant guilty beyond a reasonable doubt. We hold the jury was properly instructed and remand the case for entry of judgment and sentencing.

On April 5, 1979, defendant was charged by county attorney's information with robbery in the first degree in violation of sections 711.1–.2, The Code Supp.1977. Defendant entered a plea of not guilty, and the case came to trial on July 25, 1979. After presenting their evidence, the parties were given an opportunity to object to the trial court's proposed jury instructions. Defendant excepted to proposed instruction number five, concerning the presumption of innocence in criminal cases. Instruction number five provided:

The defendant is presumed by law to be innocent and not guilty of the offense charged. This presumption of innocence requires you to ignore all suspicion which might arise from the arrest, Trial Information or the present situation of the defendant. The presumption of innocence remains with the defendant throughout the trial and must prevail unless the evidence establishes the defendant's guilt beyond a reasonable doubt.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden of proof as to any fact or duty of calling any witnesses or producing any evidence.

Defendant excepted by requesting that his proposed instruction number one be substituted for instruction number five. Defendant's proposed instruction number one provided:

The defendant is presumed to be innocent of the offense charged, and of any offenses included therein, and the burden is upon the State to overcome this presumption and establish his guilt beyond a reasonable doubt. *No mere weight of evidence is sufficient unless it excludes all reasonable doubt as to his guilt. No proof of guilt must be inconsistent with any other rational supposition.*

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden of proof as to any fact or duty of calling any witnesses or producing any evidence.

(emphasis original). Defendant's proposed instruction number one was denied on July 27, and on the same date the jury returned a verdict of guilty of first-degree robbery.

Defendant promptly filed a motion for a new trial, alleging that the trial court erred in refusing to submit defendant's proposed instruction to the jury in place of instruction number five, because the latter instruction "lessened the State's burden of proof since the jury was not told that *full and satisfactory proof* is required before an ac-

cused can be convicted of a crime." (emphasis original). The trial court initially overruled defendant's motion. Prior to sentencing, however, defendant filed a motion to reconsider the ruling, and after several delays the court reheard arguments on the motion and by order filed February 22, 1980, granted defendant a new trial.

In urging the trial court to grant the new trial defendant strongly emphasized the nature of the trial. Defendant had relied on the defense of diminished responsibility to negate specific intent, which is an essential element of the crime of robbery. *See* § 711.1, The Code Supp.1977. Two psychologists testified as expert witnesses during trial, one on behalf of the defendant and the other on behalf of the State. Their testimony concerning whether defendant possessed sufficient mental capacity to render him capable of forming the requisite specific intent necessary to commit the crime of first-degree robbery was conflicting. Defendant contended that his proposed instruction would have provided the jury guidelines for evaluating their conflicting testimony.

The trial court, in its order granting the new trial, indicated that the proposed instruction was one that the court always gave, and that the particular wording at issue had been inadvertently omitted when the court updated its set of instructions. The court also stated that in a case of this nature the jury should have been clearly instructed on "weight of evidence" and "exclusion of reasonable doubt," and that although nine separate instructions dealt with these items, when considered together, the instructions were confusing and unnecessarily prejudiced defendant's rights. The court further stated that the nature of the case raised the level of significance of the omitted portion of the proposed instruction, and that instruction number five inadequately instructed the jury concerning the weight and sufficiency of evidence required for a guilty verdict.

■ I. A new trial may be granted when the trial court has misdirected the jury in a material matter of law or has improperly instructed the jury. Iowa R.Crim.P. 23(2)(b)(5), (7). The State may appeal from an order granting a defendant a new trial. § 814.5(1)(c), The Code 1979. Prior to the adoption of the new Iowa Criminal Code, however, appeal could only be taken from a final judgment, § 793.2, The Code 1977, and the State could not appeal from an order granting a new trial. *State v. Coughlin*, 200 N.W.2d 525, 526 (Iowa 1972). Consequently, there is a paucity of case authority concerning the circumstances under which a trial court may properly grant or refuse to grant a new trial in a criminal case.

■ Generally, the decision whether to grant a new trial rests within the sound discretion of the trial court, and that decision will not be disturbed on appeal unless the complaining party carries the heavy burden of proving that the trial court abused its discretion and prejudice resulted therefrom. *State v. Gartin*, 271 N.W.2d 902, 910 (Iowa 1978). *See also* Iowa R.App.P. 14(f)(3) ("In ruling upon motions for new trial the trial court has broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties."). Discretion is accorded in this area because of the trial court's proximity to the trial process: "the trial court is in as good or better position than the appellate court to make a determination in accordance with the demands of justice." *State v. Gartin*, 271 N.W.2d at 910. However, when the *sole* determining factor in a trial court's decision to grant or deny a new trial involves a question of law, this rationale is not applicable.

Thus, in *Julian v. City of Cedar Rapids*, 271 N.W.2d 707, 709 (Iowa 1978), a civil case in which the trial court's granting of a new trial was grounded upon an erroneous instruction to which no objection had been made, we reversed and stated:

> The court did not base the new-trial grant on the failure of the verdict to effectuate justice or a similar discretionary ground, but on the basis that it had erred as a matter of law with respect to the burden of proof. In these circum-

stances the trial court's discretion is not involved, and its decision stands or falls on the legal correctness of its ruling on the legal question. The case comes within the rule that "the granting or refusal of a new trial on account of alleged errors of law occurring in the course of the trial is not a matter of discretion and is fully subject to review by the appellate court." 58 Am.Jur.2d New Trial § 212 at 433. As this court stated in *Hart v. Stence*, 219 Iowa 55, 59, 257 N.W. 434, 436, "We have also held that where the ruling upon a motion for a new trial presents a pure question of law, there is no room for the exercise of discretion on the part of the trial court, and that the abuse of discretion lodged in the trial court, under such circumstances, will be reviewed by this court, and the ruling of the trial court reversed if found to be erroneous." Here the court erred as to a matter of law in considering an alleged error in an instruction not raised by exception, contrary to the express prescription of rule 196 . . . .

*See Brown v. Lyon*, 258 Iowa 1216, 1222, 142 N.W.2d 536, 539 (1966) (trial court does not have discretion to deny motion for new trial when misstatement of law appears in instructions); *cf. Farley v. Glanton*, 280 N.W.2d 411, 415 (Iowa 1979) ("When a trial court bases the exercise of its discretion upon an error of law, that conduct may amount to an abuse of discretion."); *Schipper v. Brashear Truck Co.*, 132 S.W.2d 993, 1001 (Mo.1939) (trial court's grant of new trial on mistaken view of law in refusing requested instruction constituted abuse of discretion).

■ In the present case the trial court's granting of defendant's motion for a new trial was based exclusively upon its determination that the instructions given inadequately instructed the jury on the presumption of innocence and the quantum of evidence necessary for the State to prove defendant guilty beyond a reasonable doubt. The reasons for the ruling were limited to the inadequacy of the subject matter contained in the instructions and were not grounded upon any sensory perceptions of the trial court. Thus, the trial court was

not in a better position than an appellate court to determine the correctness of the instruction. The determination was based solely upon a question of law; therefore, we must determine whether the trial court erred in instructing the jury rather than determine whether the trial court abused its discretion.

■ The trial court is obligated to instruct fully on the law applicable to all jury issues. Here, defendant objected to the trial court's refusal to submit defendant's proposed instruction to the jury. The jury was instructed on the presumption of innocence, reasonable doubt standard, and weight of the evidence. The issue presented by the denial of the requested instruction, therefore, is not based upon a failure to instruct but rather upon the adequacy of the instructions given.

■ II. Some of the principles utilized in reviewing jury instructions, which are applicable in this case, were set out in *State v. Horn*, 282 N.W.2d 717, 730 (Iowa 1979):

It is necessary to read the court's instructions as a whole when determining whether there has been error. *State v. Jones*, 193 N.W.2d 509, 513 (Iowa 1972); *State v. Morelock*, 164 N.W.2d 819 (Iowa 1969). "The object of requesting an instruction is to see that the subject is covered . . . ." *Jones*, 193 N.W.2d at 514.–15. "A trial court is not required to instruct in the language of requested instructions if the subject is covered in the court's own instructions." *Id.* at 514; *See State v. Everett*, 214 N.W.2d 214, 219 (Iowa 1974) (citing *Jones* with approval). "A party cannot complain if instructions fail to emphasize circumstances favorable to him. This is precisely what instructions should avoid." *State v. Robinette*, 216 N.W.2d 317, 318 (Iowa 1974); *See State v. Seehan*, 258 N.W.2d 374, 379 (Iowa 1977).

With these principles in mind, we will examine the trial court's instructions on the presumption of innocence and reasonable doubt standard to determine if the jury was adequately instructed.

■ III. The first paragraph of the court's instruction on the presumption of

innocence, instruction number five, is identical to II Iowa Uniform Jury Instructions Ann., No. 104 (1978) [hereinafter cited as Uniform Jury Instructions]. The second paragraph is identical to the second paragraph of defendant's proposed instruction. We find no error in the instruction given. The instruction follows the generally recognized guidelines for presumption of innocence instructions: "No particular formula of words is required in charging on the presumption of innocence. The instruction should charge that the presumption must be considered with all the evidence and must not be disregarded." 23A C.J.S. *Criminal Law* § 1221, at 559–60 (1961). Similarly,

> it is generally recognized that if requested, the court must not only charge the jury in effect that the defendant enters a criminal trial with the presumption of innocence, or that he is presumed to be innocent, but also that this presumption remains with him until overcome by evidence convincing the jury of his guilt beyond a reasonable doubt.

75 Am.Jur.2d *Trial* § 764, at 682 (1974). The instruction given fell well within these general requirements; the jury was adequately instructed on presumption of innocence.

■ We also believe the jury was correctly instructed on the reasonable doubt standard. The trial court utilized Uniform Jury Instructions, No. 108, which had previously been approved by this court on several occasions. *See, e. g., State v. Connor,* 241 N.W.2d 447, 461–62 (Iowa 1976); *State v. Finnegan,* 237 N.W.2d 459, 460 (Iowa 1976); *State v. McGranahan,* 206 N.W.2d 88, 91–92 (Iowa 1973). In addition, the trial court submitted five other instructions to the jury specifically stating that the State had the burden of proving defendant's guilt beyond a reasonable doubt. These instructions made clear what the State's burden of proof was.

■ IV. Defendant also maintains that the jury was not instructed on the quantum of evidence necessary to establish guilt beyond a reasonable doubt, and that the italicized language in defendant's proposed instruction would have cured this inadequacy by providing guidelines for evaluating the conflicting testimony of the psychologists. The trial court similarly stated that the jury should have been clearly instructed on the "weight of evidence" and "exclusion of reasonable doubt." However, the trial court utilized Uniform Jury Instructions, No. 105 to instruct the jury on the weight to be given to evidence. Instruction number 105 is the general credibility of witnesses instruction, which charges the jury that it is the judge of the weight of the evidence, credibility of witnesses, and conclusions to be drawn from the evidence. This instruction advises the jury that it is to reconcile conflicting testimony if it is able to do so, but if it cannot it must give credit to that testimony which seems most entitled thereto. It details the manner in which the jury is to pass on the credibility of witnesses and weigh their testimony. We approved the language of the second paragraph of this instruction [1] in *State v. Ochoa,* 244 N.W.2d 773, 777–78 (Iowa 1976), over the challenge that the language denied the defendant the benefit of the beyond a reasonable doubt standard. *See also State v. Langlet,* 283 N.W.2d 330, 337 (Iowa 1979) (approving Uniform Instruction No. 105 and stating that credibility instruction should be general and refer to no specific evidence or witnesses). The trial court also utilized Uniform Jury Instructions, No. 235 on expert witnesses, which correctly charges that it is solely the province of the jury to determine what weight expert testimony should receive.

■ The jury received clear guidelines for evaluating the conflicting testimony of the psychologists. In instruction number twenty-three the jury was told "to consider and construe all of the instructions together and apply them as a whole to the

---

1. The second paragraph of uniform instruction number 105 provides:

    If the testimony or any part thereof is conflicting, you will reconcile it if you can, so that it may all have weight and effect, but if you cannot, you will then give credit to that testimony and to those witnesses that to you as fair-minded men and women seem most entitled thereto.

evidence in the case." Considering the instructions on presumption of innocence, reasonable doubt, weight of the evidence, and expert witnesses together, we find that the jury was correctly instructed on the manner in which to evaluate the psychologists' testimony and on the State's burden to prove defendant guilty beyond a reasonable doubt. A trial court is not bound to any model or form in wording instructions, and a requested instruction may be properly denied if the points raised are otherwise substantially covered. *State v. Harrington*, 284 N.W.2d 244, 250 (Iowa 1979). We do not believe the requested instruction would have provided any better guidance for the jury than the instruction given.

V. The trial court was concerned that when considered together the instructions given were confusing, and that the jury should have been more clearly instructed on "weight of evidence" and "reasonable doubt." As already noted, however, we have reviewed the instructions as a whole and find them to be clear, concise, and proper. We deem the uniform presumption of innocence instruction given much less confusing than defendant's proposed instruction number one. The instruction given instructed the jury on the nature of the presumption of innocence, and that it is overcome only by "evidence [that] establishes the defendant's guilt beyond a reasonable doubt." Reasonable doubt was defined in a separate uniform instruction.

■ The italicized language in defendant's proposed instruction is taken from *State v. Ostrander*, 18 Iowa 435, 458–59 (1865). The language was used in discussing the reasonable doubt standard. It was not part of the reasonable doubt instruction at issue in the case, and it was not discussed in conjunction with a presumption of innocence instruction. Since the presumption of innocence is not evidence in this state, *State v. Linhoff*, 121 Iowa 632, 636–37, 97 N.W. 77, 78–79 (1903), we believe it is confusing to include in a presumption of innocence instruction language instructing the jury on the quantum of evidence necessary to preclude a reasonable doubt, especially when a separate instruction has been devoted to explaining the reasonable doubt standard.

■ VI. The trial court had second thoughts concerning its failure to give the presumption of innocence instruction it normally used. We have already indicated that we recommend the use of Uniform Instruction No. 104. *Cf. State v. Templeton*, 258 N.W.2d 380, 383–84 (Iowa 1977). Whether a trial court chooses to use its own language or a uniform instruction, the instruction must adequately cover the legal principles involved, as raised by the particular facts of the case. *See State v. Seehan*, 258 N.W.2d 374, 379 (Iowa 1977). If the instructions when viewed as a whole adequately charge the jury on the law involved in the case, as we believe they have here, the verdict should not be disturbed.

VII. The trial court in this case labored over the issues concerning the accuracy of the instructions submitted to the jury before determining that a new trial should be granted. The court's diligence in seeking to preserve defendant's rights is commendable. Since the trial court correctly instructed the jury, however, it erred only in sustaining defendant's motion for a new trial. Accordingly, the case is remanded for entry of judgment and sentence.

REVERSED AND REMANDED.