STATE of Iowa, Appellee,

v.

Michael A. BARTNICK, Appellant.

No. 90–758.

Court of Appeals of Iowa.

Oct. 29, 1991.

---

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., and Thomas S. Tauber and Robert Glaser, Asst. Attys. Gen., for appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Michael Bartnick, an inmate serving a life sentence at the Iowa State Penitentiary, set fire inside his cell to bedding and material he had stuffed around the cell door. Bartnick claimed his intent was to commit suicide by smoke inhalation and denied any intent to harm other persons or damage property outside his cell. A jury found Bartnick guilty of first-degree arson.

Bartnick appeals, contending the trial court improperly instructed the jury the property involved in the arson was the entire cell house in which his cell was located. Bartnick argues the instruction should have restricted the property to his cell.

Bartnick also contends his trial attorney rendered ineffective assistance by failing to object to inscriptions on the backs of several exhibits admitted into evidence.

Our review is for errors at law. Iowa R.App.P. 4. We first address the jury instruction.

■ The trial court is obligated to instruct fully on the law applicable to all jury issues. *State v. Lindsey*, 302 N.W.2d 98, 102 (Iowa 1981). The instruction must adequately cover the legal principles involved, as raised by the particular facts of the case. *Id.* at 104.

■ Iowa Code section 712.2 defines arson in the first degree as follows:

Arson is arson in the first degree when the property which the defendant intends to destroy or damage, or which the defendant knowingly endangers, is property in which the presence of one or more persons can be reasonably anticipated....

The instruction objected to by the defendant provided the State was required to prove the following elements of arson in the first degree:

1. On or about the 14th day of June, 1989, the defendant caused a fire in Cellhouse 220 in the Iowa State Penitentiary.
2. The defendant intended to destroy or damage the property or knew the property would probably be destroyed.
3. The cellhouse was property in which the presence of one or more persons could be reasonably anticipated.

Bartnick argues the trial court's instruction did not conform with the evidence presented at trial. Bartnick asserts the evidence failed to establish he intentionally or knowingly set fire inside his cell to damage or destroy any property or persons outside his cell because his only intent was to commit suicide. Bartnick further asserts he was the only person whose presence could reasonably be anticipated inside his cell. Therefore, Bartnick maintains the instruction should have restricted the property subject of the arson to his cell rather than the entire cell house.

Bartnick's assertions are flawed in several respects. The existence of the intent to commit suicide does not negate the existence of the intent to commit intermediate acts necessary to achieve the ultimate objective. Here, the intermediate act was causing a fire which would destroy or damage property to achieve the alleged objective of suicide. Bartnick admitted he intended to set the paint inside his cell on fire to further his objective. Furthermore, the existence of the intent to commit suicide does not negate the existence of the knowledge the property would be damaged or destroyed by the alleged suicide attempt.

■ Additionally, arson directed at any part of an occupied structure is deemed to be directed against the entire structure. *See State v. Gates*, 197 Iowa 777, 778, 197 N.W. 908, 908 (1924). This is true even if the portion of the building where the fire occurs is separate and distinct from the inhabited portion of the building. *Id.* These principles reflect a realistic appreciation of the dangers of fire. When an arsonist sets a fire in one room of a structure, the danger from smoke, gases, and spreading flames is not confined to that room. Rather, the whole structure and anyone who may be present are threatened.

■ In the present case, the evidence established smoke from the fire escaped through the cell flap to other parts of the cell house. The presence of correctional officers inside Bartnick's cell could reasonably have been anticipated. In fact, several officers who discovered the fire entered Bartnick's cell to rescue him.

We hold in this case the trial court's instruction was a correct statement of the law. We affirm this issue.

■ Bartnick also claims his trial attorney rendered ineffective assistance. Where the record on direct appeal is not adequate to permit us to resolve the issue, we preserve the defendant's claim for postconviction proceedings so the facts may be so developed. *State v. Koenighain*, 356 N.W.2d 237, 238 (Iowa App.1984). This also gives the allegedly ineffective attorney the opportunity to explain his or her conduct. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). We conclude there is an inadequate record for us to adjudicate Bartnick's claim without counsel's explanation for his conduct. We therefore preserve Bartnick's ineffective assistance of counsel claim for a later proceeding.

AFFIRMED.