# IN THE COURT OF APPEALS OF IOWA

No. 15-1949
Filed March 8, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CHRISTOPHER LEE PERRY,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Sean W. McPartland, Judge.

Christopher Perry appeals the judgment and sentence entered following his convictions of first-degree arson and first-degree criminal mischief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**DOYLE, Judge.**

Christopher Perry appeals the judgment and sentence entered after a jury found him guilty of first-degree arson and first-degree criminal mischief. He challenges the sufficiency of the evidence to support his convictions and argues the jury initially returned inconsistent verdicts. Because substantial evidence supports the verdicts and no inconsistency has been shown, we affirm.

**I. Background Facts and Proceedings.**

Perry and his girlfriend lived together in Perry's apartment in Cedar Rapids. When his girlfriend told him she was leaving him, Perry twice threatened to "torch" her belongings. About five or ten minutes after he made his second threat to set fire to her things, black smoke was seen coming out of an apartment window. A fire, which began in the back bedroom of the apartment, eventually engulfed the entire apartment, causing over $63,000 in damage to the building. Neighbors pulled Perry from the burning apartment and observed him to be intoxicated, as did emergency responders when they arrived at the scene.

The State charged Perry with first-degree arson and first-degree criminal mischief. At his trial, the court instructed the jury on the elements of first-degree arson under count I, as well as its less-included offenses of second-degree arson, third-degree arson, and reckless use of fire. The jury initially returned a verdict finding Perry guilty of two offenses under count I: first-degree arson and reckless use of fire. The jury also returned a verdict finding Perry guilty of first-degree criminal mischief under count II. Concluding the jury misunderstood the law, the court instructed the jury it "may use only one form of verdict under each count," and resubmitted the case. The jury then returned a verdict finding Perry

guilty of first-degree arson under count I, in addition to its finding of guilt on count II, the criminal-mischief charge.

Perry moved for a new trial, arguing the jury's initial two verdicts on count I were inconsistent. After denying the motion, the court sentenced Perry to a twenty-five-year term of incarceration on count I and a ten-year term of incarceration on count II, ordering that they run concurrently, and imposed a fine on count II, which it suspended.

Perry appeals. He argues there is insufficient evidence to support his convictions. He also alleges the jury's initial verdict finding him guilty of two charges under count I shows its verdict is legally inconsistent and, therefore, the court erred in returning the matter to the jury for further deliberation.

**II. Sufficiency of the Evidence.**

We review claims regarding the sufficiency of the evidence to support a conviction for correction of errors at law. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). In reviewing such claims, we view the evidence in the light most favorable to upholding the verdict, making all inferences that may be reasonably deduced from the evidence. *See id.* We affirm if substantial evidence—that is, "evidence that a rational trier of fact could find the defendant guilty beyond a reasonable doubt"—supports the defendant's conviction. *Id.*

Perry challenges the sufficiency of the evidence supporting both of his convictions. To support a guilty verdict on the charge of first-degree arson, the jury was instructed the State had to prove:

> 1. On or about the 28th day of April, 2013, [Perry] caused a fire in or near property.

2. [Perry] intended to destroy or damage the property or knew the property would be destroyed or damaged.

3. The presence of a person in the property could have been reasonably anticipated.

To support a guilty verdict on the charge of first-degree criminal mischief, the State was required to prove:

1. On or about the 28th day of April, 2013, [Perry] damaged or destroyed property . . . .

2. [Perry] acted with the specific intent to damage or destroy the property.

3. When [Perry] damaged or destroyed the property, he did not have the right to do so.

Substantial evidence supports a finding that Perry caused a fire and that the fire damaged or destroyed property. Perry twice stated his intention to burn his girlfriend's belongings. Smoke was seen coming from the apartment minutes after Perry made the second threat to burn his girlfriend's belongings. An investigation determined the fire began from an open flame. Given the short time in which the fire began after Perry made his second threat, sufficient evidence supports the jury's finding that Perry intentionally started a fire in the bedroom of his apartment.

Perry notes he was intoxicated at the time the fire started. In order to negate the specific-intent element of a crime, it is not enough that an offender is intoxicated; the offender must be so intoxicated as to be unable to reason and incapable of forming a felonious intent. *See State v. Guerrero Cordero*, 861 N.W.2d 253, 259 (Iowa 2015), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 861 N.W.2d 253 (Iowa 2016). The evidence does not support such a finding here. Despite being intoxicated at the time the fire began, Perry made his intentions clear and was able to follow through on his threat. Viewing the record

evidence in the light most favorable to the State, there is substantial evidence by which a reasonable fact finder could determine that Perry intentionally set the fire.

Finally, Perry argues the evidence is insufficient to support a finding that he had the specific intent to damage the apartment or knowledge that the property would be damaged,[1] claiming that his statement he was going to "torch" his girlfriend's belongings does not equate with intent to destroy or damage the building itself. We note that, given the nature in which fire spreads, those who commit arson endanger more than the immediate area in which the fire is set. *See State v. Bartnick*, 478 N.W.2d 878, 880 (Iowa Ct. App. 1991).

> [A]rson directed at any part of an occupied structure is deemed to be directed against the entire structure. This is true even if the portion of the building where the fire occurs is separate and distinct from the inhabited portion of the building. These principles reflect a realistic appreciation of the dangers of fire. When an arsonist sets a fire in one room of a structure, the danger from smoke, gases, and spreading flames is not confined to that room. Rather, the whole structure and anyone who may be present are threatened.

*Id.* (internal citations omitted). Based on the normally expected consequences of his actions, the jury could infer Perry's intent to damage the apartment or his knowledge the apartment would be damaged. *See State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). Substantial evidence supports a finding that Perry

---

[1] The State asserts that Perry failed to preserve error on his claim regarding the evidence supporting the specific-intent element because his trial counsel only argued there lacked evidence of his specific intent with regard to the criminal-mischief charge. Perry asks that we consider this claim under an ineffective-assistance-of-counsel rubric. *See State v. Brubaker*, 805 N.W.2d 164, 174 (Iowa 2011) (holding trial counsel's failure to make a proper motion for judgment of acquittal at trial identifying the specific grounds for the motion is ineffective assistance of counsel). We need only consider the merit of the underlying sufficiency-of-the-evidence claim because it is dispositive of the ineffective-assistance claim. *See State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996) (holding counsel has no duty to make a meritless motion).

intended to damage the apartment, or knew the apartment would be damaged, in addition to his girlfriend's belongings.

### III. Inconsistent Verdicts.

After the jury initially returned verdicts of guilt of two offenses under count I, the trial court concluded the jury was mistaken as to the law and directed it to use only one form of verdict under each count. *See* Iowa R. Crim. P. 2.22(6) (providing that "if it appears to the court that the jury was mistaken as to the law, the court may direct the jury to reconsider it[s verdict]"). Perry argues the court erred in resubmitting the case to the jury because its finding of guilt on the charge of arson is legally inconsistent with its finding of guilt on the lesser-included offense of reckless use of fire.

If a verdict is truly inconsistent, it is invalid and must be set aside. *See State v. Halstead*, 791 N.W.2d 805, 815 (Iowa 2010). "[T]he test to be applied is whether the verdict is so logically and legally inconsistent as to be irreconcilable within the context of the case." *State v. Fintel*, 689 N.W.2d 95, 101 (Iowa 2004). Perry claims the jury's initial findings of guilt on the charges of first-degree arson and reckless use of fire under count I are legally inconsistent because the intent elements of each crime differ; arson requires specific intent while reckless use of fire requires a finding of recklessness. Perry claims the jury's finding he acted with recklessness under the reckless-use-of-fire charge negates its finding of specific intent under the arson charge.

In rejecting Perry's argument that the jury's verdicts were inconsistent, the trial court noted the crime of reckless use of fire is a lesser-included offense of first-degree arson. *See State v. Royer*, 436 N.W.2d 637, 642 (Iowa 1989) ("We

conclude that reckless use of fire meets the legal test of being a lesser-included offense of arson in the first degree."). Therefore, in order to commit first-degree arson, Perry had to also commit all elements of reckless use of fire. *See State v. Miller*, 841 N.W.2d 583, 587-88 (Iowa 2014) ("The test we have settled on to determine whether a crime is a lesser included offense of a greater crime generally inquires 'whether the greater offense cannot be committed without also committing all elements of the lesser offense.'" (citation omitted)). Because "[r]ecklessness, although a lesser degree, is an included part of the element of intent found in arson," *Royer*, 436 N.W.2d at 641-42, the jury's initial verdicts under count I were not inconsistent. Rather, we agree with the trial court that in returning two verdicts under count I, the jury was mistaken as to the law, specifically with regard to the instruction requiring that it only return a single form of verdict as to each count. Accordingly, the trial court took proper action in directing the jury to reconsider its verdict under rule 2.22(6).

**AFFIRMED.**