**STATE of Iowa, Appellee,**

v.

**Emanuel Charles R. WHITESIDE, Appellant.**

**No. 61091.**

Supreme Court of Iowa.

Dec. 20, 1978.

Emmit J. George, Jr., of Cahill, Johnston, Poula & Goetz, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., J. Susan Carney, Asst. Atty. Gen., and Eugene F. Kopecky, Linn County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, McGIVERIN and LARSON, JJ.

LeGRAND, Justice.

A jury convicted defendant of murder in the second degree for the stabbing death of Calvin Love. Defendant was sentenced to serve a term of forty years in the penitentiary under the provisions of § 690.3, The Code, 1977. He appeals from that judgment and we affirm.

The incident resulting in Calvin Love's death occurred following a controversy between defendant and the decedent over narcotics. The issues raised do not require a discussion of the facts. We refer to them when necessary in our consideration of this appeal.

Defendant raises three issues. One deals with instructions, one deals with the admission of evidence, and the third deals with the assertion that defendant was denied a fair trial because his counsel prevented him from presenting his defense in a proper manner.

■ I. We deal with the last matter first. Defendant claims his victim had a gun and that he acted to protect himself from an assault by Love with that deadly weapon. He says his attorney (not the one who now represents him) would not permit him to testify to that fact and threatened, if he persisted in doing so, to withdraw from the case and to advise the trial judge that this testimony was perjurious.

Defendant argues counsel prevented him from testifying "truthfully" to what would have been a good defense. The state says counsel's conduct was designed to avoid, not truthful, but untruthful testimony.

Throughout the early stages of this case, while defendant was awaiting trial, he maintained he "thought" Love had a gun but did not see one. Shortly before trial, defendant told his attorney he intended to say he *did* see a gun because without such testimony he was "dead." This precipitated the disagreement between defendant and his lawyer over defendant's testimony.

Defendant first raised this issue in a motion for new trial. An evidentiary hearing was held at which both defendant and the attorney, Gary Robinson, testified. So did Donna L. Paulsen, who was associated with Robinson in representing defendant. The trial court overruled the motion, and the evidence to support that conclusion is convincing.

■ A defendant is entitled to present his defense and to an opportunity to testify fully and freely concerning any defensive matter. However, he has no right to commit perjury nor is an attorney permitted— much less required—to aid in such a purpose. Counsel owes a client charged with a crime honest, loyal, and faithful representation. However, this duty extends only to the use of fair and honorable means. A lawyer may never assist in the perpetration of a crime or countenance any other dishonest act.

■ A lawyer not only has an obligation to his client; he must also recognize his duty as an officer of the court. His oath as a member of the bar requires him to employ "such means only as are consistent with truth." By that oath he undertakes not to "mislead the judges by any artifice or false statement of fact or law."

■ It is true that a lawyer's task is not to determine guilt or innocence, but only to present evidence so that others—either court or jury—can do so. A lawyer should not, therefore, decide what is true and what is not unless there is compelling support for his conclusion. *See U. S. ex rel. Wilcox v. Johnson*, 555 F.2d 115, 120 (3rd Cir. 1977).

In the present case, counsel was convinced with good cause to believe defendant's proposed testimony would be deliberately untruthful. All the other evidence belied defendant's tardy claim. There were three other persons in the room. No one testified to having seen a gun. A search of the apartment shortly after Love's death did not disclose one. Even defendant says that during the argument Love told his girl friend to get his "piece"—meaning his gun. This refutes defendant's claim Love already had one. These circumstances, plus defendant's own statement (in the face of his contrary earlier version) that he *had* to testify that Love had a gun if he hoped to be acquitted, lends strong support to counsel's belief defendant did not see a gun and that he nevertheless intended to say that he did. Counsel properly refused to be a partner in such a dishonest and deceitful scheme. *See State v. Henderson,* 205 Kan. 231, 468 P.2d 136, 140 (1970) and authorities there cited.

There are several specific provisions in the Iowa Code of Professional Responsibility for Lawyers which vindicate counsel's action. Canon 4 obligates a lawyer to preserve the confidences and secrets of his client with certain exceptions including this one:

"A lawyer may reveal:

(1) * * *

(2) * * *

(3) The intention of his client to commit a crime and the information necessary to prevent the crime." (*see* DR 4–101(C), Code of Professional Responsibility for Lawyers.)

Canon 7 provides:

"A lawyer should represent a client zealously *within the bounds of the law.*" (Emphasis added.)

■ A lawyer who knowingly uses perjured testimony or false evidence or who aids a client to commit a criminal act is himself subject to disciplinary action, not to mention the possibility of his own prosecution for suborning perjury. § 721.2, The Code, (now § 720.3, Supplement to the Code, 1977). *See also* EC7–5, EC7–26, and

DR 7–102(A)(4), Code of Professional Responsibility for Lawyers.

We commend both Mr. Robinson and Ms. Paulsen for the high ethical manner in which this matter was handled. Defendant is not entitled to relief on his first claim of error.

II. Defendant raises a number of objections to the instructions, none of which have merit. We dispose of each briefly.

■ He argues the instruction on premeditation is bad because it refers to the fact such premeditation need not exist for "any particular time before the act." Defendant insists this should have said "particular period of time before the act," instead of just "particular time before the act." We see no difference in the court's language and in that the defendant thinks is better.

■ Instruction 12, defendant says, is objectionable because it permitted the jury to infer that he intended the probable and natural consequences of his act. This, he claims, shifts the burden of proof on an essential element of the crime to him. This, too, is without merit. The instruction as given follows closely Instruction 215 of the Iowa State Bar Association Uniform Jury Instructions. We disagree with these instructions reluctantly. *Ness v. H. M. Iltis Lumber Co.,* 256 Iowa 588, 593–94, 128 N.W.2d 237, 240 (1964). We believe this instruction correctly states the law.

■ As to Instruction 13, defendant asserts this incorrectly defines manslaughter because it refers to "provocation" and "the heat of passion." He says manslaughter may be committed without such circumstances being shown. Indeed it might, but not under this record. Instructions should be patterned to meet the evidence. *Baker v. Wolfe,* 164 N.W.2d 835, 839 (Iowa 1969); *Gibbs v. Wilmeth,* 261 Iowa 1015, 1022, 157 N.W.2d 93, 97 (1968). The trial court's instruction on manslaughter was complete and correct under the evidence in this case. Perhaps an even better reason for denying relief on this ground is that the instruction

given is in all material respects the same as that which defendant himself requested.

Defendant says the instruction allowing the jury to infer malice from the use of a deadly weapon shifts to him an impermissible burden of proof, requiring him to rebut the inference. Once more defendant's contention is baseless. The use of a deadly weapon is a circumstance bearing on the presence of malice. The use of such a weapon may itself give rise to an inference, which the jury is free to accept or reject, that defendant acted with malice.

These issues concerning deliberation, premeditation, malice, and the inference arising from the use of a deadly weapon have all been resolved against defendant's present argument in *State v. Frazer,* 267 N.W.2d 34, 38–39 (Iowa 1978); *State v. Smith,* 240 N.W.2d 693, 695 (Iowa 1976); and *State v. Lass,* 228 N.W.2d 758, 766–67 (Iowa 1975).

Defendant also says the instruction on self-defense did not correctly inform the jury concerning his duty to retreat. We find no merit in this complaint.

In summary, we hold the instructions fully and fairly presented the issues to the jury, and we find no reversible error in them.

III. Defendant's last assignment of error concerns the admission of a medical report. The only objection at trial was on the basis of materiality and hearsay. On appeal a new ground was asserted—lack of foundation. We generally refuse to consider matters raised for the first time on appeal. We follow that rule here. *See State v. Willis,* 218 N.W.2d 921, 923 (Iowa 1974).

IV. We find no reversible error and the judgment is affirmed.

AFFIRMED.