**STATE of Iowa, Appellee,**

**v.**

**James J. JEFFRIES, Appellant.**

**No. 65503.**

Supreme Court of Iowa.

Dec. 23, 1981.

Chris Odell, State Appellate Defender's Office, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin, Asst. Atty. Gen., and James Smith, Polk County Atty., Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Defendant appeals from his conviction of murder in the first degree by presenting two issues: (1) whether jury instruction number 28 was an unconstitutional trial court comment on the evidence, and (2) whether jury instruction number 12, which allowed the jury to infer malice from a

wrongful assault with a deadly weapon, was unconstitutional because it shifted the burden of proof to defendant. We affirm.

I. Instruction 28, relating to the defense of justification, was submitted in the following form:

If you find from the evidence that on or prior to the 22nd day of February, 1980, John Bickford directly or indirectly made threats against the defendant or any member of the defendant's family, and because of this the defendant had reasonable cause for believing he or members of his family were in imminent danger of death or injury from him prior to the shooting, you may consider such evidence in determining whether the defendant reasonably acted upon appearances *when he fired the shots in question.*

(Emphasis added.) This instruction closely follows the Iowa State Bar Association's Uniform Jury Instruction Number 418. II *Iowa Uniform Jury Instructions* No. 418 (1978). The jury was also given the following instruction, number 20:

The law provides that a person may lawfully use reasonable force to prevent an injury to the person of another. The use of such force is known as justification. *In this case, the Defendant contends that death inflicted by him upon John Bickford was done with justification.*

You are instructed that the burden is on the State to prove by evidence beyond a reasonable doubt that the Defendant was not acting with justification.

(Emphasis added.) This instruction is a combination of defendant's requested instructions 7 and 8. The Iowa State Bar Association's model instructions were again used as patterns. *See* II *Iowa Uniform Jury Instructions* Nos. 401, 402 (1978).

For the purposes of our analysis we will assume error was preserved on this issue because the authorities the State relies on do not support its waiver theory. *Contra, State v. Templeton*, 258 N.W.2d 380, 382 (Iowa 1977); *State v. Hraha*, 193 N.W.2d 484, 486 (Iowa 1972).

We disapprove Uniform Instructions reluctantly. *State v. Whiteside*, 272 N.W.2d 468, 471 (Iowa 1978). We must consider jury instructions as a set. *State v. Lindsey*, 302 N.W.2d 98, 102 (Iowa 1981); *State v. Savage*, 288 N.W.2d 502, 508 (Iowa 1980). Justification as a defense is two-pronged: an admission that a proscribed act was done, and the establishment of an exculpatory excuse that takes the act out of the criminal law. *See* § 704.3, The Code 1979; W. LaFave & A. Scott, *Criminal Law* 6 (1972); W. Prosser, *Law of Torts* §§ 16, 19, 20 (4th ed. 1971); *Wharton's Criminal Law* §§ 51, 88 (14th ed. C. Torcia 1978). Therefore, these instructions accurately state defendant's legal theory and are not impermissible judicial comments on the evidence. *See State v. Upton*, 167 N.W.2d 625, 630 (Iowa 1969).

II. Instruction 12 provided:

Among the essential elements of Murder in the First Degree are deliberation, premeditation, and a specific intent to kill.

If a person with opportunity to deliberate makes a wrongful assault upon another with a deadly weapon and death ensues, the inference is warranted that he did so with malice, deliberation, premeditation and a specific intent to kill *in the absence of evidence to the contrary.*

This inference is not conclusive, but may be considered by you with all of the evidence in the case, *or lack of evidence*, in determining whether or not the killing charged, if done by the Defendant, was done with deliberation, premeditation and a specific intent to kill.

Deliberation and premeditation are essential elements of Murder in the First Degree. They need not exist for any particular time before the act, but, whatever the time interval involved, the State must establish their existence, as defined in these Instructions, beyond a reasonable doubt.

(Emphasis added.) We have rejected constitutional challenges to this instruction several times. *Henderson v. Scurr*, 313 N.W.2d 522, 526 (Iowa 1981); *Whiteside*,

272 N.W.2d at 472; *State v. Pepples*, 250 N.W.2d 390, 395 (Iowa 1977); *State v. Lass*, 228 N.W.2d 758, 766–67 (Iowa 1975). We believe the instructions, considered together, make it clear defendant had no burden of proof. However, the italicized language in instruction 12 is surplusage and in the future should not be included in similar instructions.

Counsel for defendant is reminded that rule 14(e), Iowa Rule of Appellate Procedure, which requires citation of specific pages within the authorities relied on in briefs to this court, is mandatory.

AFFIRMED.