**UNITED STATES of America, Appellee,**

v.

**Harold Eugene McQUARRY, Appellant.**

**No. 83–2084.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 24, 1984.

Decided Jan. 30, 1984.

David D. Butler, Martell & Butler, Des Moines, Iowa, for appellant.

Richard C. Turner, U.S. Atty., Guy R. Cook, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Harold E. McQuarry appeals from his bank robbery conviction under 18 U.S.C. § 2113(d). He argues that the trial court improperly refused to instruct the jury that his failure to flee from the site of the crime gives rise to an inference of his innocence. After reviewing the record, we believe that the trial court's instructions stated the law properly and allowed defense counsel to argue McQuarry's innocence on that theory.

■ Under Federal Rule of Criminal Procedure 30, defendants may submit requested jury instructions to the court on their theory of the case if the request is timely, the evidence supports the proposed instruction, and the instruction correctly states the law. *United States v. Lewis,* 718 F.2d 883 (8th Cir.1983); *United States v. Richmond,* 700 F.2d 1183, 1195–96 (8th Cir. 1983). The district court has wide discretion in formulating appropriate jury in-

structions. *United States v. Shigemura,* 682 F.2d 699, 704 (8th Cir.1982). On appeal, this court evaluates the adequacy of instructions by reviewing them as a whole. *United States v. Brake,* 596 F.2d 337, 339 (8th Cir.1979); *United States v. Nance,* 502 F.2d 615, 619–20 (8th Cir.1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975).

■ McQuarry's proposed instruction directed the jury to consider as evidence of innocence the fact that, while wearing his state penitentiary shirt with name and number, he came forward and identified himself to police officers. The district court rejected this contention as unsupported by case law and we agree. Appellant's brief concedes that no American case allowed such an instruction. One court, however, explicitly rejected a similar instruction, holding that failure to flee or resist arrest does not increase the probability of the defendant's innocence. *United States v. Scott,* 446 F.2d 509, 510 (9th Cir. 1971). Another court held that absence of flight may properly be argued to the jury, but the court declined to give the argument "the status of being particularly significant by being enshrined in an instruction." *United States v. Telfaire,* 469 F.2d 552, 558 (D.C.Cir.1972) (per curiam). Other cases support the district court's discretion in declining to emphasize through jury instructions a particular piece of evidence favorable to the defendant. *United States v. Keane,* 522 F.2d 534 (7th Cir.1975); *Blauner v. United States,* 293 F.2d 723 (8th Cir. 1961). Moreover, defense counsel emphasized McQuarry's failure to flee in his closing argument, so the jury could have considered this fact in their deliberations.

We find no abuse of discretion by the district court and affirm its conclusion.

McMILLIAN, Circuit Judge, concurring.

I concur. I agree that the district court did not abuse its discretion in refusing to give appellant's proposed absence of flight instruction. The proposed instruction was argumentative and thus distinguishable

from a theory of defense instruction which must be given by the district court if the request is timely made, if the instruction is supported by evidence in the record, and if the instruction is a correct statement of the applicable law. In my opinion instructions on flight should be eliminated. "If anything, the interest of justice might be better served by removing entirely from instructions both flight and absence of flight, and relegating the entire subject to the give and take of argument." *United States v. Telfaire,* 469 F.2d 552, 558 (D.C.Cir.1972) (per curiam).