**Daniel Sullivan ELAM, Appellant,**

v.

**Crispus C. NIX, Appellee.**

**No. 91–1945.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1991.

Decided Dec. 11, 1991.

John Messina, Des Moines, Iowa, for appellant.

Thomas D. McGrane, Des Moines, Iowa, argued (Bonnie J. Campbell, on brief), for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

FAGG, Circuit Judge.

Daniel Sullivan Elam appeals the district court's order denying his 28 U.S.C. § 2254 application for a writ of habeas corpus. We affirm.

An Iowa state court jury convicted Elam of first-degree murder in a shotgun slaying. After exhausting his available state court remedies, Elam brought this federal habeas corpus action contending he was denied due process because the trial court gave the following jury instruction:

You are instructed that a shotgun is a dangerous weapon.

You are further instructed that when a person intentionally uses a dangerous weapon against another and death results, you may, but are not required to, infer that the killing was with malice aforethought.

You are also instructed that if a person, with the opportunity to deliberate, intentionally uses a dangerous weapon against another and death results, you may, but are not required to, infer, in the absence of any evidence to the contrary, that such weapon was used with malice, deliberation, premeditation and a specific intent to kill.

Elam concedes this instruction creates a permissive inference, rather than a mandatory presumption that would violate due process under *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). Appellant's brief at 8 n. 1. Elam, however, contends the phrase "in the absence of any evidence to the contrary" impermissibly "shift[ed] or eas[ed] the State's burden to prove premeditation, deliberation, malice and specific intent to kill," *id.* at 6, "[b]ecause a reasonable juror might read the instruction as requiring Elam to rebut the inference," *id.* at 7. Elam thus contends the instruction led the jury to believe it must accept the inference that Elam had the requisite state of mind for first-degree murder unless Elam introduced evidence to the contrary. *See Sandstrom*, 442 U.S. at 514, 517, 99 S.Ct. at 2454, 2455–56; *Francis*, 471 U.S. at 316, 318, 105 S.Ct. at 1972, 1973. The language of the challenged instruction, however, is at odds with Elam's contention. The instruction informed the jury that the inference could not be drawn in the face of any evidence to the contrary. Nothing in the instruction told the jury that

evidence to the contrary had to come from Elam, or that the inference should be drawn unless Elam introduced some quantum of countervailing evidence.

Furthermore, "when a single jury instruction is [challenged, the instruction] is not ... reviewed in isolation but rather in the context of the charge as a whole." *United States v. McMillan*, 820 F.2d 251, 256 (8th Cir.) (citation omitted), *cert. denied*, 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987). When the challenged instruction is considered in the framework of the entire charge, it is clear the State had the burden of proof on each element of the crime and no burden shifting occurred. We thus accept the district court's conclusion that "[t]he instruction ... did not shift the burden of proof to Elam." *Elam v. Nix*, No. 90–384–A, slip op. at 3 (S.D.Iowa Mar. 19, 1991).

We recognize the language Elam finds objectionable in this case has been widely criticized by the circuit courts of appeals. *See, e.g., United States v. Silva*, 745 F.2d 840, 850–52 (4th Cir.1984) (citing cases), *cert. denied*, 470 U.S. 1031, 105 S.Ct. 1404, 84 L.Ed.2d 791 (1985). In addition, after Elam's trial Iowa changed its pattern jury instruction by deleting the questionable language. *See State v. Jeffries*, 313 N.W.2d 508, 509–10 (Iowa 1981) (holding "in the future [the challenged language] should not be included in similar instructions"). We agree with the courts of appeals and the Iowa Supreme Court that the phrase "in the absence of any evidence to the contrary" adds nothing to the instruction and needlessly invites reversal on appeal. *Cf. United States v. Diggs*, 527 F.2d 509, 515 (8th Cir.1975) (giving instruction containing similar language labelled "a dangerous practice"). We need not belabor this point, however, because in the circumstances of this case we conclude the trial court's instruction was harmless beyond a reasonable doubt. *See Yates v. Evatt*, — U.S. ——, 111 S.Ct. 1884, 1892–94, 114 L.Ed.2d 432 (1991).

Elam concedes the events leading to his conviction for murder are accurately set

forth in *State v. Elam,* 328 N.W.2d 314, 316 (Iowa 1982). As outlined in that opinion, Elam unsuccessfully tried to borrow a shotgun from his grandfather and a pistol from his aunt after being involved in an unfriendly encounter with the victim, Chris Stevens. *Id.* Elam later confronted Stevens with an ax, but retreated when Stevens did not back down. *Id.* Elam then succeeded in obtaining the shotgun, and during their next encounter, Elam shot Stevens. *Id.* Given these circumstances, we conclude the evidence considered by the jury overwhelmingly supports the jury's verdict that Elam killed Stevens with malice, deliberation, premeditation, and a specific intent to kill. We are thus confident the claimed burden-shifting instruction did not contribute to Elam's conviction. *Yates,* 111 S.Ct. at 1893–94.

Accordingly, we affirm the district court's order denying Elam's application for a writ of habeas corpus.