## IN THE COURT OF APPEALS OF IOWA

No. 13-1586
Filed November 13, 2014

**WILLIE WILDER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Jon C. Fister, Judge.


Applicant appeals the decision of the district court denying his request for postconviction relief from his conviction for first-degree robbery. **AFFIRMED.**


Steven J. Drahozal of Drahozal Law Office, P.C., Dubuque, until his withdrawal, then Ronald E. Langford of Langford Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly A. Griffith, Assistant County Attorney, for appellee.


Considered by Danilson, C.J., Doyle, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Applicant, Willie Wilder, appeals the decision of the district court denying his request for postconviction relief from his conviction for first-degree robbery. Wilder has not shown defense counsel failed to perform an essential duty or that he was prejudiced by counsel's performance, and therefore, has not shown ineffective assistance of counsel. We affirm the decision of the district court denying Wilder's application for postconviction relief.

## I.    Background Facts & Proceedings

On the evening of October 22, 2009, a person who was monitoring security cameras at a department store in a mall noticed a man take two hats and put them under his coat. The store's security guard, off-duty deputy sheriff Timothy Petersen, was notified the man was leaving the store at the south entrance with the hats. Petersen went out a different door and came around to the south entrance, where he saw the man, whom he recognized as "Willie," getting into a red Chevy Blazer. Petersen yelled at the man to stop, but he continued getting into the vehicle.

Petersen had started to pull out his gun, when the vehicle quickly accelerated. He testified the vehicle, "pretty much curved right toward where I was at." He stated the vehicle could have traveled forward and avoided him entirely. Petersen jumped back to avoid being hit by the vehicle. He stated, "As I was jumping back to avoid from being hit, I still had my gun up here and when I jumped back, the windshield of the vehicle struck the barrel of the handgun."

Petersen went back inside the department store and reviewed the videotape, concluding the man was Willie Wilder, whom he had met previously. In a search of Wilder's home officers found boots that matched the appearance of the boots worn by the man in the videotape. Additionally, the man in the videotape was wearing a black jacket with the word, "Yankees," in white lettering across the front. Wilder's wife told officers Wilder had a jacket like that, but she had not seen it for some period of time. The man in the videotape had short hair and some facial hair. When Wilder was arrested on October 26, 2009, his head had been shaved, and he had no facial hair.

In an amended trial information Wilder was charged with robbery in the first degree, assault on a peace officer with the intent to commit serious injury and being an habitual offender, and theft in the third degree. Wilder filed notice of an alibi defense.

At the jury trial, the State presented evidence as outlined above. In furtherance of Wilder's alibi defense, defense counsel presented the testimony of Wilder's brother-in-law, who stated Wilder came over on the evening of October 22, 2009, to watch football. The defense also presented the testimony of Wilder's mother, who testified Wilder came over that evening to pick up some letters she wanted him to mail. Additionally, there was testimony from witnesses about whether Wilder had been bald or had a shaved head prior to October 22, 2009. The defense argued the person in the videotape was not Wilder because the person in the videotape had short hair and some facial hair, while Wilder had a bald or shaved head at that time.

The jury returned a verdict finding Wilder guilty of robbery in the first degree and theft in the third degree. These two convictions were merged, and Wilder was sentenced to twenty-five years in prison. Wilder's conviction was affirmed on appeal. *State v. Wilder*, No. 11-0067, 2012 WL 170690 (Iowa Ct. App. Jan. 19, 2012).

Wilder filed an application for postconviction relief, claiming he received ineffective assistance of counsel at his criminal trial. He claimed defense counsel did not pursue a reasonable course of action by presenting an alibi defense. He asserted defense counsel should have focused on challenging the allegation of assault on Petersen, an element of the robbery charge. The district court denied the application for postconviction relief. The court found Wilder failed to show defense counsel had not performed an essential duty or that there was a reasonable probability the jury would have reached a different conclusion if counsel had acted differently. Wilder now appeals the denial of his application for postconviction relief.

## II. Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

### III.     Ineffective Assistance

Wilder claims he received ineffective assistance because defense counsel pursued a trial strategy that was patently unreasonable.  He claims presenting an alibi defense that was not supported by the evidence was frivolous.  He also contends defense counsel knew the alibi defense was false and claims the defense was unprofessional.

At the postconviction hearing, Wilder's granddaughter, Elvia Van Arsdale, testified she went with her grandmother, Rose Wilder, to the office of Wilder's defense counsel, where they viewed the videotape.  She stated she and her grandmother believed the person in the video was Wilder.  Defense counsel testified that when he observed the videotape he believed the person was Wilder.  He stated, however, Wilder continually denied he was the person shown in the videotape.  Defense counsel stated he presented the alibi defense Wilder wanted him to present.  Defense counsel noted that in order for Wilder to challenge Petersen's testimony about what happened outside store, Wilder would have to admit he was present at that time, and he was unwilling to do so.

Wilder asserts that instead of pursuing the alibi defense, defense counsel should have challenged Petersen's testimony about the alleged assault because his testimony at the trial was inconsistent with his police report.  In the police report, Petersen stated he went out the east entrance of the department store and went over to the south entrance, where he saw the suspect he knew as "Willy" getting into a red Chevy Blazer.  In his testimony at the trial Petersen stated he went out of the west side of the department store and came around to

the south entrance. Wilder claims that if defense counsel had focused on these inconsistent statements, whether Petersen came out of the east entrance or the west entrance, the jury may have concluded Petersen was not credible.

Our supreme court has previously stated:

> "[I]neffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." "Improvident trial strategy, miscalculated tactics or mistakes in judgment do not necessarily amount to ineffective counsel." "When counsel makes a reasonable tactical decision, this court will not engage in second-guessing." "Selection of the primary theory or theories of defense is a tactical matter."

*Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (citations omitted). In order to overcome a presumption defense counsel was competent, an applicant must show more than that a trial strategy backfired or that another attorney would have presented a different defense. *Pettes v. State*, 418 N.W.2d 53, 56 (Iowa 1988). We consider whether defense counsel has made a reasonable decision. *Fryer v. State*, 325 N.W.2d 400, 413 (Iowa 1982).

Contrary to Wilder's assertions, we find it was not unreasonable for defense counsel to present an alibi defense. His brother-in-law and mother testified Wilder had stopped by their homes on the evening of October 22, 2009, which would support the argument he had not been at the department store. Also, several witnesses testified Wilder had a bald or shaved head prior to October 22, 2009, which made it less likely the person in the videotape, who did have hair, was him. Wilder's brother-in-law, Percy Moore, stated Wilder was bald, "pretty much all the time," but occasionally he had hair on the top of his head. Wilder's mother stated he was bald at that time and had been so for about

two or three weeks. Michael Moorehead, who attended the same church as Wilder, stated that for at least a month before he was arrested Wilder was bald. Isabella Johnson, who also attended the same church, stated Wilder's hair was cut real short or shaved for the last three years. Wilder testified he got his hair cut on October 16, 2009.

Defense counsel's testimony at the postconviction hearing that he believed the videotape showed Wilder does not make the alibi defense unreasonable, especially in light of Wilder's continued denials that he was the person shown in the videotape. Our supreme court has stated, "It is true that a lawyer's task is not to determine guilt or innocence, but only to present evidence so that others—either court or jury—can do so. A lawyer should not, therefore, decide what is true and what is not unless there is compelling support for his conclusion." *State v. Whiteside*, 272 N.W.2d 468, 470 (Iowa 1978). The alibi defense was supported by the testimony of several witnesses, and we conclude defense counsel acted reasonably in presenting it to the jury.

Furthermore, we conclude Wilder has not shown he was prejudiced by the performance of defense counsel. Even if we were to assume defense counsel should have focused on challenging the testimony of Petersen, rather than presenting the alibi defense Wilder wanted him to present, Wilder has not shown defense counsel's performance had an effect on the judgment. *See Lamasters*, 821 N.W.2d at 866. Wilder was required to show there was a reasonable probability that, but for the unprofessional errors of counsel, the result of the

proceeding would of been different. *See id.* A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Id.*

On our de novo review, we determine that if defense counsel had challenged Petersen on the issue of whether he came out of the east entrance of the department store or the west entrance before seeing Wilder at the south entrance, it would not have created a reasonable doubt concerning Wilder's guilt. The fact remains Petersen identified Wilder as the person on the videotape taking two hats and the person he saw coming out of the store, who subsequently drove a vehicle toward him. We do not believe the slight inconsistency of whether Petersen came out of the east entrance before he saw Wilder or whether he came out of the west entrance before he saw Wilder would lead the jury to have a reasonable doubt respecting Wilder's guilt.

We affirm the decision of the district court denying Wilder's application for postconviction relief from his conviction for first-degree robbery.

**AFFIRMED**.

Doyle, J., concurs; Danilson, C.J., concurs specially.

**DANILSON, C.J.** (specially concurring)

I write specially to concur in the result but rely solely upon Wilder's failure to show he was prejudiced by defense counsel's performance.